**BARRETT S. HAZELL, Plaintiff**

**v.**

**EXECUTIVE AIRLINES, INC.,**
**d/b/a AMERICAN EAGLE, Defendant**

Civil No. 95-03

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 22,1995

*MOORE, Chief Judge*

### MEMORANDUM

This matter is before the Court on the defendant's motion to dismiss plaintiff's case insofar as it alleges causes of action under V.I.CODE ANN. TIT. 24, §§ 451.62.[1] As Plaintiff concedes in his response that no action will lie against the defendant pursuant to 42 U.S.C. § 1983, the only issue before the Court is whether 24 V.I.C. §§ 451-62 ("Chapter 17") authorizes a private cause of action.[2] The defendant's motion will be granted for the following reasons.

---

[1] Plaintiff originally invoked 42 U.S.C. § 1983 as an independent basis for this Court's jurisdiction. In response to the instant motion, plaintiff withdrew its claim that a cause of action lies pursuant to 42 U.S.C. § 1983.

[2] The defendant does not object to the plaintiff's invocation of this Court's jurisdiction pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000e.

On January 5, 1995, plaintiff filed a three-count complaint against the defendant, alleging impermissible discrimination in the demotion of the plaintiff from a supervisory to a non-supervisory position. Plaintiff originally claimed that 42 U.S.C. § 1983, 42 U.S.C. § 2000e, and 24 V.I.C. § 451-62 all created causes of action within the jurisdiction of this Court.

■ Defendant cites two unpublished cases from this Court both of which note, in cursory fashion, that 24 V.I.C. § 451-62 does not create a private right of action.[3] These unpublished cases, however, do not control the decision of this Court. Accordingly, the Court now arrives at the conclusion that Chapter 17 does not create a private right of action based upon its own independent review of the issue.

■ Careful attention to clear language of the statute in question supports the conclusion that 24 V.I.C. §§ 451-62 does create a limited right of action in the nature of a writ of review. Section 457 provides that

> [a]ny person aggrieved by a final order of the department granting or denying in whole or in part the relief sought may obtain a review of such order by filing in a court of competent jurisdiction, within 30 days of its issuance, a written petition praying that such decision of the department be modified or set aside.

Section 458 ("Enforcement") states, in part, that

> [t]he department [of Labor] may petition any court of competent jurisdiction for the enforcement of any order issued pursuant to this chapter . . . .

Thus, Chapter 17 envisions a private right of action for the very limited purpose of modifying or setting aside a final order of the Virgin Islands Department of Labor. Only the Department of

---

[3] *Vanterpool v. Pueblo Supermarkets of the Virgin Islands*, Civ. No. 1990/41, St. T. and St. J. Supp. (D.V.I. March 12, 1993); *Wynter v. Dowson Holding Co.*, St. T. and St. J. Supp. (D.V.I. February 11, 1991). In *Wynter*, the Court found no private right of action, in dicta, as an alternative basis for its conclusions that the plaintiff's claims under 24 V.I.C. §§ 451-62 would be dismissed. In both cases, the plaintiffs had failed to exhaust administrative remedies.

Labor, by contrast, may petition a court of competent jurisdiction for *enforcement* of its final orders. Nowhere in Chapter 17 does the statute establish a general, private right of action.

In the case at hand, plaintiff obtained a finding of probable cause from the Department of Labor which invited the parties to join with it in an effort at conciliation. Apparently, the Department conducted no hearing on the plaintiff's charge, nor did it issue a final order. Plaintiff, instead, obtained a right to sue letter from the Equal Opportunity Employment Commission on October 4, 1994 and filed the instant lawsuit. As plaintiff has apparently performed all prerequisites to suit under Title VII, he may go forward with his claim under 42 U.S.C. § 2000e. Chapter 17, however, does not create an independent right of action for the plaintiff in this case. Accordingly, the defendant's motion will be granted. An appropriate order is attached.

ENTERED this 22nd day of May, 1995.

### MEMORANDUM

For the reasons set forth in the attached Memorandum, it is hereby

ORDERED that the defendant's motion to dismiss those portions of the plaintiff's complaint which rely on 42 U.S.C. § 1983 and 24 V.I.C. §§ 451-62 to establish causes of action is GRANTED.

ENTERED this 22nd day of May, 1995.