**George PHILLIPS, et al., Plaintiffs,**

v.

**BOROUGH OF KEYPORT, et al., Defendants.**

**No. CIV.A. 93–415(GEB).**

United States District Court,
D. New Jersey.

Jan. 6, 1998.

Lewis H. Robertson, Red Bank, NJ, for George Phillips and Philip Vitale.

Brian J. Mullen, Red Bank, NJ, for Borough of Keyport.

Bertram P. Goltz, Office of New Jersey Attorney General, Newark, NJ, for Attorney General, State of New Jersey, Peter Vernie-ro.

### MEMORANDUM

WOLFSON, United States Magistrate Judge.

Presently before the Court is the motion by plaintiffs, George Phillips and Philip Vitale, seeking leave to file an amended complaint, pursuant to *Fed.R.Civ.P.* 15(a), to add additional federal and state constitutional claims. For the following reasons, plaintiffs' motion to amend their complaint is granted, in part, and denied, in part.

### Background

On February 1, 1993, plaintiffs filed this action against the Borough of Keyport, Victor Rhodes, and the Board of Adjustment, alleging a violation of their First Amendment right of free speech and their Fourteenth Amendment right to substantive due process in connection with the revocation and subsequent denial of a zoning permit for an adult book and video store.[1] *Plaintiff's Moving Brief submitted October 22, 1997,* (hereinafter "*Plaintiffs' Moving Brief*") at 2; *Docket* at 3. Rather than filing an answer to the complaint, Victor Rhodes and the Borough of Keyport filed a motion to dismiss. *Plaintiffs' Moving Brief* at 2; *Phillips v. Borough of Keyport,* 107 F.3d 164, 171 (3d Cir.1997). The district court dismissed the substantive due process claim and denied the defendants' motion to dismiss as to the remainder of the complaint. *Phillips,* 107 F.3d at 171. Plaintiffs filed a motion for summary judgment and a preliminary injunction. *Plaintiffs' Moving Brief* at 2–3. The district court held evidentiary hearings in September of 1993. *Plaintiffs' Moving Brief* at 3. The Borough's attorney announced that the Borough's governing body had resolved to amend the adult entertainment ordinance to reduce the buffer zone in which adult entertainment uses are prohibited from 500 feet to 300 feet. *Plaintiffs' Moving Brief* at 3. The Borough maintained that the effect of this reduction was to leave adequate alternative avenues of communication as required by the First Amendment by rendering several entire lots in Keyport amenable to adult entertainment uses whereas under the 500 foot buffer zone ordinance, no entire lots within Keyport were available for such a use. *Plaintiffs' Moving Brief* at 3. On February 14, 1995, the Honorable Garrett E. Brown, Jr., having found the ordinance, as amended, to be constitutionally sufficient, and having denied the plaintiff's equitable estoppel argument, dismissed the action in its entirety as moot. *Plaintiffs' Moving Brief* at 3; *Phillips,* 107 F.3d at 171–72.

Plaintiffs subsequently appealed this decision to the United States Court of Appeals for the Third Circuit. *Plaintiffs' Moving Brief* at 4. After hearing argument, and re-

---

1. It should be noted that during the period after which the permit was revoked and prior to plaintiffs' corrected application being denied, the Borough of Keyport enacted an adult entertainment ordinance which prohibited adult entertainment establishments within a 500–foot area of any protected-use zones. Among the zones which were considered to be protected uses were any residentially-zoned areas. The lot on which plaintiffs proposed to establish their business fell within such a buffer zone.

argument *en banc*, the Third Circuit found that the Borough had failed to justify its ordinance, and remanded to the district court on certain limited issues. *Phillips*, 107 F.3d at 183. The Third Circuit rejected the plaintiffs' contention that the Borough's justification must consist of pre-enactment evidence found in the legislative record. *Id.* at 179.

The plaintiffs now seek to amend their complaint to assert state constitutional claims in connection with Ordinance 31–92 (the 500 foot buffer zone ordinance) and federal and state constitutional claims in connection with Ordinance 27–93 (the ordinance as amended to reduce the buffer zone to 300 feet). *Plaintiff's Reply Brief submitted December 1, 1997,* (hereinafter *"Plaintiffs' Reply Brief"*) at 1. In support of being permitted to add state constitutional claims at this late stage in the litigation, plaintiffs assert that: the decision of the United States Court of Appeals for the Third Circuit profoundly changed First Amendment jurisprudence by holding that pre-enactment evidence in the legislative record is not a constitutional prerequisite to sustain an ordinance which regulates free speech; that plaintiffs were justified in believing the assertion of a state constitutional challenge to be unnecessary prior to such holding due to the co-extensive protection previously provided by the federal and state constitutions in connection with free speech; and, that plaintiffs are entitled to amend their complaint as of right due to the fact that defendants have not yet served a responsive pleading. *Plaintiffs' Reply Brief* at 3, 18, 20.

Defendants do not object to the amendment in connection with federal constitutional challenges to Ordinance 27–93, however, they strenuously object to the addition of state constitutional claims at this late stage because of the undue delay and prejudice it would cause to defendants' case. *Opposition Brief submitted by Gordon N. Litwin dated October 31, 1997,* (hereinafter *"Litwin Opposition Brief"*) at 6–7. In addition, defendants contend that the request to add state constitutional claims should be denied on the basis of futility. *Opposition Brief submitted by Frank N. Yurasko dated November 17, 1997,* (hereinafter *"Yurasko Opposition Brief"*) at 4–5. Defendants assert that the New Jersey Constitution of 1947 has long been recognized as providing greater protection of free speech than the federal constitution, and, as such, plaintiffs' argument that the Third Circuit's holding was their first indication that the state constitutional claim might afford them greater protection must be rejected. *Supplemental Opposition Brief submitted by Gordon N. Litwin dated November 5, 1997,* (hereinafter *"Litwin Supplemental Opposition Brief"*) at 5. Thus, they conclude, plaintiffs have failed to offer any valid reason for seeking leave to add state constitutional claims at this late date. *Litwin Supplemental Opposition Brief* at 5. Further, defendants assert that even though New Jersey's constitution provides greater free speech protections, there is no case law to indicate that it provides greater protection in this particular area of governmental regulation of speech. *Yurasko Opposition* at 4–5. Finally, defendants take issue with plaintiffs' contention that they are entitled to amend as of right on the theory that a motion to dismiss is not a responsive pleading, asserting that the right to amend as a matter of course should not be extended indefinitely where a party has chosen to appeal a dismissal. *Litwin Brief in Reply to Point III* at 1–2.

**Discussion**

The question presented is whether to allow the plaintiffs to amend their complaint to include a federal constitutional challenge of Ordinance 27–93 and state constitutional challenges to both the original Ordinance 31–92, and the amended Ordinance 27–93.

Federal Rule of Civil Procedure 15(a) codifies a liberal approach to the amendment of pleadings to promote the policy of deciding cases on the merits, instead of on technicalities. *See* 6 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1471, at 502–507 (1990). Rule 15(a) provides, in pertinent part, that:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and

leave shall be freely given when justice so requires.

While courts have broad discretion to decide motions to amend the pleadings, *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court has observed that courts are to heed Rule 15(a)'s mandate that amendments are to be granted "freely" in the interests of justice. *Foman v. Davis,* 371 U.S. at 182, 83 S.Ct. at·230. The grounds upon which a court may deny a motion to amend include unfair prejudice, futility, and undue delay. *Id.; see also Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.,* 663 F.2d 419, 425 (3d Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). The Third Circuit has also cited bad faith and dilatory motive as grounds sufficient to justify a denial of leave to amend. *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1434 (3d Cir.1997).

 "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir.1978). To justify the denial of a motion to amend, the asserted prejudice must amount to more than mere inconvenience to the non-moving party. *See Cuffy v. Getty Refining & Mktg. Co.,* 648 F.Supp. 802, 806 (D.Del.1986). Instead, the non-moving party must establish that the amendment "unfairly disadvantage[s] or deprive[s][it] of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Heyl,* 663 F.2d at 426 (citation omitted); *Azarbal v. Medical Ctr. of Delaware, Inc.,* 724 F.Supp. 279, 285 (D.Del. 1989). If the proposed amendment requires the reopening of discovery, the prejudice to the non-moving party will be considered greater than if the proposed amendment presents only a new issue of law. *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 469 (D.N.J.1990).

Delay, in and of itself, is an insufficient ground upon which to deny a motion to amend. The non-moving party must show that the moving party's delay in seeking the amendment will unfairly prejudice it. *Cornell,* 573 F.2d at 823; *DiLoreto v. Borough of Oaklyn,* 744 F.Supp. 610, 615 (D.N.J.1990); *Harrison Beverage,* 133 F.R.D. at 468. Nonetheless, it is well established that 'undue delay' can be the grounds for denial of leave to amend. *Hayes v. New England Millwork Distributors, Inc.,* 602 F.2d 15, 19 (1st Cir.1979) (citations omitted). A delay of over two years was found to shift the burden onto the party seeking leave to amend to produce a valid reason for the delay. *Hayes,* 602 F.2d at 20. In *Tiernan,* the First Circuit held denial of leave to amend was proper, finding that a delay of over two years in seeking leave to amend his complaint without adequate justification for the delay "may well have affected defendants' planned trial strategy and tactics." *Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1, 4 (1st Cir. 1983). Where the non-moving party asserts undue delay, "the obligation of the trial court in its disposition of the motion is to articulate the imposition or prejudice caused by the delay, and to balance those concerns against the movant's reason for delay in asserting the motion." *Coventry v. United States Steel Corp.,* 856 F.2d 514, 520 (3d Cir.1988).

A futile amendment is one which would not withstand a motion to dismiss. *Massarsky v. General Motors Corp.,* 706 F.2d 111, 125 (3d Cir.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983). Hence, if the amendment is "frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. If a proposed amendment is not clearly futile, then denial of leave to amend is improper." WRIGHT et al., *supra* § 1487, at 637–42. Thus, generally, the applicable standard to determine futility is whether the amendment is "sufficiently well-grounded in fact or law to demonstrate that it is not a frivolous pursuit." *Harrison Beverage,* 133 F.R.D. at 469. However, there are situations in which attempts to amend a pleading are more likely to be sought for their tactical advantage. In order to minimize the burden imposed upon the non-moving party in situations where amendments are likely to be sought for tactical reasons, courts have noted that

where plaintiff files a motion to amend after defendant has moved for summary judgment the motion to amend will not be granted unless the party seeking amendment can show not only that the proposed amendment has "substantial merit", *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir.1979), but also come forward with "substantial and convincing evidence" supporting the newly asserted claim. (citations omitted.)

*Carey v. Beans*, 500 F.Supp. 580, 582 (E.D.Pa.1980), *aff'd*, 659 F.2d 1065 (3d Cir. 1981). Application of this heightened standard has been found to be justified.

A plaintiff who proposes to amend his complaint after the defendant has moved for summary judgment may be maneuvering desperately to stave off the immediate dismissal of the case. With this a possibility, district judges are not content with an allegation sufficient in law; they want to see some evidence to back it up.

*Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 943 (7th Cir.1995). Although this standard generally applies while a summary judgment motion is pending, *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996)("[i]n that context, a plaintiff's motion to amend is an attempt to alter the shape of the case in order to defeat summary judgment."), the *Glassman* court indicated that this standard could apply by analogy where "plaintiffs seek amendment solely to avert imminent defeat." *Id.*

Here, plaintiffs seek to amend their complaint to include challenges under the New Jersey Constitution of 1947 to Ordinance No. 31–92 and Ordinance No. 27–93 as well as a federal constitutional challenge to Ordinance No. 27–93. The defendants do not object to the inclusion of the federal constitutional challenge to Ordinance No. 27–93. Thus, the court will grant leave to amend the complaint to include the federal constitutional challenge to Ordinance No. 27–93. The defendants assert, however, that the request to amend

the complaint to include constitutional challenges based upon the New Jersey Constitution of 1947 should be denied on the grounds of futility, undue delay and undue prejudice. Further, the defendants dispute the plaintiffs' assertion that they may amend as of right in light of the defendants having yet to serve a responsive pleading. While the imposition to the defendants may not rise to the level of undue prejudice in that defendants have not alleged they will be prevented from presenting evidence which would otherwise have been available to them, the assertions of undue delay, and futility bear further consideration in light of plaintiff's motion to amend the complaint over four and one-half years after the filing of the initial complaint. However, first the court will address the plaintiffs' contention that they are entitled to an automatic amendment, because, if their assertion is correct, there is no need for the court to address the arguments in connection with the appropriateness of granting leave to amend.

I. Amendment as of Right

■ The court has considered plaintiffs' argument that they have an automatic right to amend their complaint to assert state constitutional claims. After careful consideration of plaintiffs' assertion of a right to amend as a matter of course, and of how other courts have treated this matter, this court must reject plaintiffs' assertion[2]. A review of how other federal courts have handled cases in a similar procedural posture, reveals a disparity among the circuits as to when the automatic right to amend terminates. As plaintiffs contend, it is clear that a motion to dismiss, a motion to strike or a motion for summary judgment is not a responsive pleading for purposes of *Fed. R.Civ.P.* 15(a). *See Neifeld v. Steinberg*, 438 F.2d 423, 425, n. 3 (3d Cir.1971)(motion to strike defenses does not constitute a responsive pleading); *Taj Mahal Enters., Ltd. v. Trump*, 745 F.Supp. 240, 245

**2.** Indeed, it appears that even plaintiffs are unconvinced of their entitlement to amend as of right having addressed this matter only in a cursory fashion at the conclusion of their brief. Further, the court rejects plaintiffs' assertion that *Brever v. Rockwell Int'l*, 40 F.3d 1119 (10th Cir.

1994), supports their right to automatic amendment. That case is clearly inapposite in that the plaintiff in *Brever* delayed amendment pursuant to assurances from the court that later amendment would be permitted and by agreement with the parties. *Id.* at p. 1131.

(D.N.J.1990)(motion to dismiss or to strike is not a responsive pleading); *McDonald v. Hall,* 579 F.2d 120, 121 (1st Cir.1978)(neither motion to dismiss nor motion for summary judgment constitutes a responsive pleading); *McLellan v. Mississippi Power & Light Co.,* 526 F.2d 870, 872 n. 2 (5th Cir.1976)(neither motion to dismiss nor motion for summary judgment constitutes a responsive pleading); *LaBatt v. Twomey,* 513 F.2d 641, 651 (7th Cir.1975)(motion to dismiss not a responsive pleading); *Brever v. Rockwell Intern. Corp.* 40 F.3d 1119, 1131 (10th Cir.1994)(motions to dismiss or for summary judgment are not responsive pleadings). However, the time during which an amendment may be made as of right is not without limit. Although the various circuits that have considered this matter may not agree on precisely when this automatic right to amend is cut off, it is clear that once a dismissal or summary judgment is entered, amendment as of right terminates [3]. *See Whitaker v. Houston,* 963 F.2d 831, 837 (5th Cir.1992)("the right to amend as of course under Rule 15(a) terminates with an order of dismissal"); *Acevedo–Villalobos v. Hernandez,* No. 93–1544 ("1st Cir. time to amend his or her complaint as a matter of right within the First Circuit terminates upon a district court's dismissal of the complaint."); *McDonald,* 579 F.2d at 121("the portion of Rule 15(a) allowing a party to amend his pleading once as a matter of right prior to the adverse party serving a responsive pleading ... [permits a party] at any time prior to the court's acting on the motion [for summary judgment], ... a right to file his amended pleading."); *Brever v. Rockwell Int'l,* 40 F.3d 1119, 1131 (10th Cir.1994)(plaintiff "could have amended her complaint *prior to dismissal* without requesting or receiving leave of the court.")(emphasis added). The court finds the reasoning of *Dartmouth Review* persuasive wherein the *Dartmouth* court states that "the thrust of Rule 15(a) is aimed at the pre-judgment

phases of litigation." *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 22 (1st Cir. 1989). The right to amend as a matter of course must terminate at some point. This is so even if a responsive pleading has not been filed [4], and even if the order of dismissal is not affirmed. Thus, the court concludes that plaintiffs' right to amend his complaint as a matter of course has expired. Having determined that the plaintiffs are not entitled to an amendment as of right, the court shall consider the plaintiffs' request for leave to amend.

## II. Leave to Amend

██ Plaintiffs seek leave to amend their complaint to add state constitutional claims more than four and one-half years after the filing of the original complaint. In the interim, although discovery has not been conducted, the motion to dismiss and the appeal of that motion has been briefed and argued before the district court, a three-member panel of the Court of Appeals for the Third Circuit, and the Court of Appeals for the Third Circuit, sitting *en banc.* It is clear that, except in extraordinary circumstances, leave to amend should be denied where an order of dismissal is affirmed. *Boland v. Engle,* 113 F.3d 706, 715 (7th Cir.1997)(If a party appeals a judgment of dismissal instead of seeking to amend, and the trial court's order of dismissal is affirmed, amendment will not ordinarily be permitted unless the appellate court expressly allows such amendment.); *Powers v. Boston Cooper Corp.,* 926 F.2d 109, 111 (1st Cir.1991)(Where a party chooses to appeal an order of dismissal and the order of dismissal is affirmed, amendment will not ordinarily be allowed.). Defendants urge the reasoning of *Dartmouth Review v. Dartmouth College* upon the court. 889 F.2d 13, 22 (1st Cir.1989). In that case, the First Circuit noted that,

---

**3.** The district court in *Taj Mahal Enters., Ltd.* and the Third Circuit in *Neifeld* did not reach the issue of whether a judgment of dismissal would cut off the right to automatic amendment.

**4.** A discrepancy exists in that the plaintiffs assert that the defendants have not yet filed a responsive pleading. Although defendants have not argued this in their briefs, it appears that one

defendant, the Borough, did file an answer after filing the motion to dismiss. *See Phillips v. Borough of Keyport,* 107 F.3d 164, 171 n. 2 (3d Cir.1997). Nonetheless, it is unnecessary for the court to address this issue given its holding that the time for filing an amendment as of right has expired.

[a]fter judgment has entered and jurisdiction has been transferred to an appellate court, amendments are still possible—but, as the case passes through various litigatory stages, the pleader's burden grows progressively heavier. The instant request emerges fairly well along the continuum: judgment entered below; no motion was filed post-judgment asking the district court for leave to amend; during the appeal's pendency, no effort was made to secure a remand for the purpose of seeking permission to amend; and the case has now been fully briefed and argued. ... "When, in the ordinary case, 'the pleader has· stood upon his pleading and appealed from a judgment of dismissal, amendment will not ordinarily be permitted ... if the order of dismissal is affirmed.' "

*Id.* Although the defendants' analogy is apt in that the procedural posture of the case in *Dartmouth Review* was strikingly similar to that of the case at hand, *Dartmouth Review* is distinguishable from the instant case, in one important feature. The judgment of dismissal in the instant case has been reversed. Nonetheless, the court agrees that the further along the judicial "continuum" that the case progresses, the heavier the pleader's burden will be to establish the appropriateness of granting leave to amend.

The only excuse proffered by plaintiffs for this extensive delay is that, until the Third Circuit's holding that pre-enactment evidence was not necessary to sustain the constitutionality of an ordinance which regulates speech-related activities, they had reasonably believed the First Amendment of the United States Constitution and the speech protections under the New Jersey Constitution of 1947 to be co-extensive, thus eliminating the need to plead both causes of action. This argument does not necessarily lend itself to

the conclusion that plaintiffs should now be permitted to amend their complaint to add state constitutional claims. First, there are sufficient examples of the New Jersey Constitution providing greater protections than the federal constitution to promote a general practice of pleading both causes of action initially. *See NJ Coalition v. JMB* 138 N.J. 326, 351, 650 A.2d 757 (1994)("Precedent, text, structure, and history all compel the conclusion that the New Jersey Constitution's right of free speech is broader than the right against governmental abridgement of speech found in the First Amendment."). Second, and perhaps, more importantly, there is no evidence that the free speech clause of the New Jersey Constitution will afford greater protection in connection with the issue presented here.[5] There certainly is not sufficient evidence to justify the addition of state constitutional claims at this late date. As noted by the plaintiffs in their reply,

[s]imply because the New Jersey Constitution's free speech guarantee has been given a wider application than its federal counterpart in some contexts does not foreclose the notion that in the vast majority of contexts, the protections of Article I paragraph 6 and the First Amendment are both co-extensive and co-terminus. See e.g. *Horizon Health Center v. Felicissimo,* 135 N.J. 126, 638 A.2d 1260 (1994)(Court will normally decline to analyze free speech challenges under New Jersey Constitution "when federal principles adequately address the issues").

*Plaintiffs' Reply Memorandum* at 18–19.

■ Where the non-moving party asserts undue delay, the trial court must balance the imposition to the non-moving party against the movant's reason for delay in seeking the amendment. *Coventry,* 856 F.2d at 520. In the instant case, the assertion of state consti-

---

5. In fact, although the case was decided on First Amendment grounds, the Superior Court of New Jersey, Appellate Division, recently upheld the constitutionality of N.J.S.A. 2C:34–7, finding that this state-wide statute which creates a 1,000 foot buffer zone for sexually-oriented businesses, renders the issue of whether alternative sites are available within a single municipality irrelevant, as long as an alternative site is available within a "reasonable proximity" of the proposed location. *Saddle Brook v. A.B. Family Center, Inc.,* 307

N.J.Super. 16, 704 A.2d 81, 86–88 (1998). The court went on to state that, "[t]he fact that the Township did not endeavor to develop that 'alternative avenues of communication' were available within a reasonably accessible area, does not prevent it from doing so at this point." (citations omitted.) *Id.* Although not precisely on point, this decision seems to indicate the state court's flexibility in connection with the requirement of pre-enactment evidence.

tutional challenges will necessitate a determination of whether pre-enactment evidence is required for an ordinance to withstand constitutional scrutiny under the New Jersey Constitution.[6] Thus, at a minimum, defendants will be forced to re-litigate the issue of pre-enactment evidence under the New Jersey Constitution. This will certainly delay resolution of the case and negatively impact defendants' trial strategy. *See, Tiernan,* 719 F.2d at 4 (holding that where plaintiff failed to offer adequate justification for the delay of two years from the date of filing the complaint, denial of leave to amend to add factually similar claims was proper where it affected defendants' "planned trial strategy and tactics."). Further, if plaintiffs are able to show that pre-enactment evidence is required in order for an ordinance to withstand state constitutional scrutiny, then discovery on the issue of pre-enactment evidence will be required. Such discovery is not required in the case in its current posture since the Third Circuit has ruled that pre-enactment evidence is not a federal constitutional prerequisite. Although this is not an insurmountable burden for the defendants to bear, it is a significant imposition in light of the time, effort and expense already borne by the parties, and the judicial system, in prosecuting a summary judgment motion, argument on appeal, and re-argument *en banc,* in order to consider the pre-enactment evidence issue under the federal constitution and eliminate it from the case. Had the New Jersey

constitutional claim been asserted initially, this issue would already have been addressed.

■ To force the defendants to begin anew with the issue of pre-enactment evidence under the state constitution creates a burden on the defendants. This must be balanced against the reason for plaintiffs' delay in seeking an amendment to assert state constitutional claims. In justification of the delay, plaintiffs offer the excuse that they initially believed the federal constitution would provide them with adequate protection and, thus, concluded that assertion of a state constitutional claim was unnecessary. In light of the Third Circuit's opinion, they have changed their minds. When the imposition to defendants in being forced to defend against a state constitutional challenge at this advanced stage in the litigation is weighed against plaintiffs' proffered reason for the delay, the scales clearly tip in favor of the defendants. The delay was not caused by any facts newly uncovered during discovery, nor was it occasioned by any change in New Jersey constitutional jurisprudence. In fact, even the plaintiffs' claim that the Third Circuit's holding on pre-enactment evidence could not have been anticipated appears questionable in light of language indicating the waning importance of such evidence contained in the Circuit's opinion in *Mitchell v. Com'n on Adult Entertainment Establishments,* 10 F.3d 123 (3d Cir.1993)[7]. Plain-

---

**6.** As discussed below, based upon plaintiffs' contention that an amendment to include the state claims was necessitated by the Third Circuit's holding, the court must conclude that the state constitutional claims would be futile if pre-enactment evidence is not required under the New Jersey Constitution.

**7.** In *Mitchell,* the Third Circuit stated

When the First Amendment protection afforded the expressed activity is only "marginal," *Barnes,* 501 U.S. at 565–67, 570–72, 111 S.Ct. at 2460, 2463, some courts have attenuated the requirement of pre-enactment legislative evidence of the undesirable side effects of expressive activity and a reasonable likelihood that the proposed bill will reduce them by adopting a "legislative notice" theory that is said to be analogous to the concept of judicial notice. *See Wall Distributors, Inc. v. City of. Newport News,* 782 F.2d 1165, 1169 n. 7 (4th Cir.1986)(adopting "legislative notice" theory

which allows legislative bodies to take notice or assume matters of common knowledge and experience); *see also Postscript Enter. v. City of Bridgeton,* 905 F.2d 223, 226–27 (8th Cir.1990)(upholding legislation restricting operations of adult movie arcade based on *Wall Distributors* theory of legislative notice). Justice Souter's concurring opinion in *Barnes* also suggests a diminished need for pre-enactment evidence. See *Barnes,* 501 U.S. at 584, 111 S.Ct. at 2470 (Souter, J., concurring)("In light of [City of] Renton's [v. Playtime Theatres, Inc., 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986)] recognition that legislation seeking to combat the secondary effects of adult entertainment need not await localized proof of those effects .... I do not believe that a State is required to undertake to litigate this issue repeatedly in every case.").
Here, it is unnecessary for us to reach or decide whether the doctrine of legislative notice of the incidental activities common to

tiffs' failure to assert state constitutional claims can only be attributable to a tactical decision to assert only a federal constitutional claim. Courts will deny a motion to amend where the movant's unexplained delay suggests bad faith or tactical design.[8] "Undue delay which is not satisfactorily explained is equivalent to bad faith." *Rose Hall. Ltd. v. Chase Manhattan Overseas Banking Corp.*, 93 F.R.D. 858, 865 (D.Del. 1982). An amendment to assert state constitutional challenges at this late date will change the entire tenor of the case, which currently is on remand in connection with limited issues. Now that it appears that plaintiffs' trial strategy may have been ill-conceived, it is the plaintiffs who should bear the consequences of their decision and not the defendants. Thus, the court finds that plaintiffs must be denied leave to amend to assert state constitutional challenges on the basis of undue delay.

Next, the court will consider defendants' futility argument. Plaintiffs have based their motion to amend on the assertion that in light of the Third Circuit's unprecedented holding that pre-enactment evidence is not required in order for an ordinance to pass First Amendment constitutional muster, they must now seek to protect their rights of free speech under the New Jersey State Constitution, which plaintiffs assert provides greater protection. Since plaintiffs maintain it was the Third Circuit's holding that pre-enactment evidence was not a constitutional prerequisite that triggered plaintiffs' realization that they must amend their complaint to assert state constitutional claims, the court can only conclude that plaintiffs believe that the state will require pre-enactment evidence in order for the ordinance to withstand constitutional scrutiny. Yet, plaintiffs have failed to provide any state case law which supports this conclusion.

The plaintiffs have not demonstrated that on the issue of pre-enactment evidence that the state courts have held any differently than the Court of Appeals for the Third Circuit. Broad assertions that the state constitution will afford more protection of free speech rights than the federal constitution will not suffice, particularly in light of plaintiffs' repeated assertions that federal and state interpretation of free speech rights have been co-extensive up until the Third Circuit's holding. Plaintiffs have not offered any state case law indicating the state courts' unwillingness to uphold ordinances in the face of free speech challenges without pre-enactment evidence. As such, the court has no basis for concluding that the plaintiffs will fare any better under the state constitution on this issue. The court must surmise, therefore, that the plaintiffs' proposed amendment to include the state constitutional challenges is not "sufficiently well-grounded in ... law to demonstrate that it is not a frivolous pursuit." *Harrison Beverage Co.*, 133 F.R.D. at 469. That being the case, the plaintiffs have clearly not established that their state constitutional claims meet the heightened standard of having "substantial merit" which appears to be appropriately applied to a case in this procedural posture. *See Glassman*, 90 F.3d at 623, (Stating that where a motion to amend is sought in order to avert imminent defeat, the *Gold* standard of 'substantial merit,' normally applicable to motions to amend filed to avoid summary judgment, may apply by analogy.). Thus, the court must conclude that amendment to include these state constitutional claims would be futile.

The plaintiffs' motion to amend the complaint to include a federal constitutional challenge to Ordinance 27–93 is granted. The plaintiffs' motion to amend the complaint to

---

adult book stores can save a statute passed without any pre-enactment evidence of need and purpose. *See Lakeland Lounge v. City of Jackson, Mississippi*, 973 F.2d 1255, 1258 n. 1 (5th Cir.1992)(recognizing, but not reaching, argument that in light of *Renton* and *Barnes*, legislative findings may no longer be necessary in addressing certain problems of national concern), *cert. denied*, 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 469 (1993).

*Mitchell*, 10 F.3d at 136.

8. Amendments should be denied, without regard to prejudice to the defendant, where it is grounded on "bad faith or dilatory motives, truly undue or unexplained delay ....". *Heyl*, 663 F.2d at 425.

assert state constitutional claims under the New Jersey Constitution of 1947 is denied on the basis of undue delay and futility.