**Miguel RAMOS, Plaintiff**

**v.**

**ST. CROIX ALUMINA, L.L.C., Defendant**

**No. CIV.2001/0107.**

District Court, Virgin Islands, D. St. Croix.

March 14, 2003.

Bernard C. Pattie, Christiansted, VI, Lisa L. Steele, Pittsburgh, PA, for the Defendant.

Chetema Lucas–Cruz, St. Croix, VI, for the Plaintiff.

## MEMORANDUM OPINION

FINCH, Chief Judge.

This matter comes before the Court on the motion of Defendant St. Croix Alumina, L.L.C. to dismiss Plaintiff Miguel Ramos' First Amended Complaint in its entirety. For the reasons expressed herein, Defendant's motion will be granted in part and denied in part.

### I. Background

Plaintiff Miguel Ramos makes the following factual allegations. On or about September 20, 1999, Ramos applied for a job with Defendant as an Instrumentation Technician Trainee. Ramos, over the age of 40, was qualified for the position and had about fourteen years of experience. Defendant interviewed three candidates younger than Ramos and subsequently hired one of the three. Upon inquiries made in an investigation conducted by the Equal Employment Opportunity Commission, Defendant was "unable to substantiate its actions." (Complaint at ¶ 8.)

By his First Amended Complaint, Ramos sets forth four grounds for relief: (1) age discrimination in employment in violation of the Virgin Islands employment discrimination statute, 24 V.I.C. § 451 *et seq.* ("Chapter 17"), and the Virgin Islands civil rights statute, 10 V.I.C. § 64 ("Chapter 5"); (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; and (4) entitlement to punitive damages.

Defendant moves to dismiss the First Amended Complaint in its entirety, pursuant to Fed.R.Civ.P. 12(b)(6), for the following reasons: (1) there is no private right of action under either 24 V.I.C. § 451 *et seq.* or 10 V.I.C. § 64; (2) Ramos has failed to

plead facts, and can produce no evidence, to support a claim for intentional or negligent infliction of emotional distress; and (3) Ramos is not entitled to punitive damages.

### II. Rule 12(b)(6) Standard

In determining a Rule 12(b)(6) motion to dismiss, "the material allegations of the complaint are taken as admitted," and the Court must liberally construe the Complaint in Plaintiff's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) (citing Fed. R.Civ.P. 8(f) and *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). All reasonable inferences are drawn in favor of Plaintiff. *Sturm v. Clark,* 835 F.2d 1009, 1011 (3rd Cir.1987). Further, the Court must follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45–46, 78 S.Ct. 99; *Piecknick v. Commonwealth of Pennsylvania,* 36 F.3d 1250, 1255 (3rd Cir.1994). The Rule 12(b)(6) motion is viewed with disfavor and rarely granted. 5A Charles Alan Wright & Arthur Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 at 321 (West 1990).

### III. Whether a Private Cause of Action Exists Under 24 V.I.C. § 451 *et seq.*

Ramos asserts that Defendant violated the Virgin Islands employment discrimination statute, 24 V.I.C. § 451 *et seq.* ("Chapter 17") by discriminating against Ramos on the basis of his age.

This Court has previously held that there is no private right of action under Chapter 17. *See Charles, Rennie, Elmour et al. v. HOVIC,* Civ. Nos.1994/0081, 1994/0082, 1994/0104 (D.Vi. Feb.19, 2003); *Hazell v. Executive Airlines, Inc.,* 886 F.Supp. 526, 527 (D.Vi.1995); *Williams v. Kmart Corp.,* 2001 WL 304024, at *5 (D.Vi.

Mar.13, 2001). The Court finds no reason to reevaluate that conclusion here.

## IV. Whether a Private Cause of Action Exists Under Chapter 5 of Title 10 of the Virgin Islands Civil Rights Act, 10 V.I.C. § 64

The Court next faces the question of whether a plaintiff has a private cause of action for discrimination based on age under Chapter 5 of Title 10 of the Virgin Islands Civil Rights Act, 10 V.I.C. § 64 ("Chapter 5").[1] For the reasons that follow, this Court now finds that a private cause of action exists under Chapter 5.

This issue has been squarely before the Court in only one case, *Whitmore v. HEPC Sugar Bay, Inc.*, 2002 WL 31574132 (D.Vi. March 12, 2002), in which

the St. Thomas–St. John Division of this Court found that no private right of action exists under Chapter 5.[2] *Whitmore* was based primarily on the conclusion that in *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176–81 (3d Cir.1999), "the Court of Appeals held that no private cause of action exists under chapter 5 of title 10 of the Virgin Islands Code." *Whitmore*, 2002 WL 31574132, at *3. This Court's reading of *Figueroa* leads to a different result.

■ *Figueroa* held that a private right of action exists under *Chapter 1* of the Civil Rights Act, 10 V.I.C. § 1–11 ("Chapter 1"). *Figueroa*, 188 F.3d at 181. It did not, however, resolve the issue of whether a private right of action exits under Chapter 5 of the Act.[3] Defendant argues that

1. Although Ramos brings his claim under § 64, Chapter 5 encompasses 10 V.I.C. §§ 61–75.

2. Judge Moore has addressed the issue in other cases, though not in any case directly on point. In *Codrington v. Virgin Islands Port Authority*, 911 F.Supp. 907, 917 (D.Vi.1996), the Court ruled that the plaintiff failed to state a claim under § 64 because Title 10 was never cited in her complaint. The complaint merely acknowledged that she filed a complaint with the Civil Rights Commission. As dictum, the Court noted:

> [E]ven if Codrington were to attempt to amend her complaint at this late date to assure that she stated a separate cause of action under Title 10, it is not clear that the local act even creates such a right.... Nowhere in the statute is it established that an aggrieved individual may directly bring an action for violation of section 64. Not having knowledge of whether and to what extent the Civil Rights Commission is active, the Court declines to address whether its analysis and conclusion would change if the Civil Rights Commission is either non-existent or non-functional.

*Codrington*, 911 F.Supp. at 917.

Likewise, in *Anderson v. Government*, Civ. No. 96–118 (D.V.I. Nov. 21, 1997), Judge Moore dismissed the plaintiff's argument that he was entitled to damages under 10 V.I.C. § 1–11, Chapter 1 of the Virgin Islands Civil

Rights Act. The Court reasoned: "Whether or not the local act creates a private cause of action, it does not entitle plaintiff to recover damages" against the government, as opposed to a private defendant. *Id.* at 13–14. The opinion then added that the plaintiff could not seek relief from the Court under 10 V.I.C. § 61–75 (Chapter 5), because no private right of action exists under Chapter 5.

Conversely, at least one other decision, *Allard v. Hess Oil Virgin Islands Corp.*, 43 F.Supp.2d 551 (D.Vi.1999), seems to suggest without deciding that a private claim under § 64 exists. *See id.* at 556 (holding appellant did not preserve her claim under the Virgin Islands Civil Rights Act [§ 64] for purposes of appeal).

3. *Figueroa* provides a clear discussion of the relationship between Chapters 1 and 5 of the Act:

> The Virgin Islands legislature enacted the Civil Rights Act in 1950 with the intent to "prevent and prohibit discrimination in any form." The Act contains six chapters, only two of which—chapter 1 and chapter 5—are relevant to this case. Chapter 1 of the Act, 10 V.I.C. §§ 1–11, substantially amended and effective in 1961, contains a statement declaring the public policy of prohibiting and punishing discrimination based on race, creed, color, or national origin. § 1. It recognizes the right to equal treat-

Chapter 5 vests only the Civil Rights Commission ("the Commission"), not an aggrieved individual, with the right to enforce violations of Chapter 5. Because additional classes of persons are protected under Chapter 5 as compared to Chapter 1,[4] and because in this case Ramos sues for age discrimination as prohibited only under Chapter 5, the question arises whether he may bring such a claim directly to this Court.[5]

Although *Figueroa* addressed Chapter 1 of the Act, its reasoning suggests that a private cause of action is also available to Plaintiff under Chapter 5. First, the statutory construction principles applied in *Figueroa* to Chapter 1 apply equally to the question of whether a private right of action exists under Chapter 5:

> [T]he mere creation of an agency such as the Commission does not necessarily reflect legislative intent to exclude pri-

vate enforcement of the Act ... an express indication of exclusivity of remedies is required.

*Figueroa*, 188 F.3d at 180. Accordingly, if the Virgin Islands legislature had intended to create an exclusive remedy in the Commission by enacting Chapter 5, it should have expressly said so. Yet "here, there is no implication that chapter 5 was to constitute an exclusive remedy, let alone an express statement to that effect." *Figueroa*, 188 F.3d at 180. Therefore, this Court cannot find that the additional remedies provided through the Civil Rights Commission in Chapter 5 are exclusive remedies, even for violations specific to Chapter 5. *See Wright v. City of Roanoke Redev. & Housing Auth.*, 479 U.S. 418, 424–25, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987) (concluding that a private cause of action existed where statute and its legislative history were devoid of any indication that exclu-

---

ment with respect to employment and working conditions, and specifies those discriminatory acts prohibited under the chapter. § 3. In section 7, the legislature provided civil and criminal penalties for violations of the chapter, including a specific provision for punitive damages. § 7. As an aid to its interpretation, it also includes a provision requiring courts to "construe [it] liberally in furtherance of its intent as stated in section 1." § 10.

In 1974, the Virgin Islands legislature enacted chapter 5 of Title 10, §§ 61–75, and created the Virgin Islands Civil Rights Commission, granting it "general jurisdiction and power" to combat discrimination. § 61. The Commission was empowered to investigate allegations of discrimination, collect information about the denial of equal protection of the law in the Virgin Islands, appraise the laws and policies of the Virgin Islands as to such discrimination, hold hearings and disseminate information regarding discrimination, and impose sanctions or provide other remedies in individual cases of discrimination. § 63. Chapter 5 also contains a list of prohibited discriminatory practices, targeting discrimination based on race, color, religion, and national origin as in chapter 1, and also

discrimination based on sex [age, place of birth] and political affiliation. § 64. Chapter 5 provides a mechanism for those aggrieved by discrimination covered under the chapter to file a claim with the Commission, which will then investigate the claim and issue a cease and desist order, and such other orders that in the judgment of the Commission are consistent with enforcement of the chapter. §§ 71–72. Finally, "the Commission may bring a civil action in the Territorial Court of the Virgin Islands by filing with it a complaint" setting forth the facts of the discrimination and requesting such relief as it deems necessary to enforce the Act. § 73.

*Figueroa*, 188 F.3d at 177 (footnotes omitted).

4. Chapter 1 provides redress for civil rights violations based upon a person's "race, creed, color or national origin," 10 V.I.C. § 3, while Chapter 5 provides redress for violations based upon "age, race, creed, color, national origin, place of birth, sex and/or political affiliation." 10 V.I.C. § 64.

5. Although Ramos' claim is based upon a Virgin Islands statute, this Court has diversity jurisdiction.

sive enforcement authority was vested in HUD), *cited in Figueroa*, 188 F.3d at 180.

Second, the reasoning in *Samuel v. Virgin Islands Telephone Corp.*, No. 75–6, 1975 WL 289 (D.Vi. July 8, 1975), as cited in *Figueroa*, is applicable to this case. In *Samuel*, Judge Christian noted that the legislature did not use language in Chapter 5 implying that the Commission was to have the exclusive original right to hear and make determinations concerning civil rights matters. On that basis, he further stated:

> It is therefore certainly arguable that parties whose rights have been violated under § 64 of chapter 5 need not bring their claims in the first instance to the Commission, but may bring them directly to District Court.

*Samuel*, 1975 WL 289 at *7 n. 4. The Third Circuit stated in *Figueroa*, and this Court agrees, that Judge Christian's observation reinforces the statutory construction principles applicable to this case. *Figueroa*, 188 F.3d at 180.

Third and finally, if the Court were to find that the legislature created a private right of action under Chapter 1 but created a right of action only in the Commission under Chapter 5, the result would be obscure in that certain classes of persons protected under the Act (race, creed, color, national origin) would possess a direct judicial remedy while others (sex, age, place of birth and political affiliation) would not. The Court finds no basis in the language of Chapter 5 to create such a distinction, and concludes that such an interpretation would be incongruous with the stated purpose of the Act.

For these reasons, Ramos may bring his claim before this Court under 10 V.I.C. § 64.

## V. Intentional and Negligent Infliction of Emotional Distress

Upon review of the facts alleged, Ramos has failed to state a claim for either intentional infliction of emotional distress or negligent infliction of emotional distress.

 "[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir.1988). "[D]iscrimination alone does not state a claim for intentional infliction of emotional distress." *Equal Employment Opportunity Comm'n v. Chestnut Hill Hosp.*, 874 F.Supp. 92, 96 (E.D.Pa.1995); *see also Nichols v. Acme Markets, Inc.*, 712 F.Supp. 488 (E.D.Pa.1989), *aff'd*, 902 F.2d 1561 (3d Cir.1990) (same). Here, Ramos simply claims that Defendant discriminated against him based on his age by failing to hire him. He fails to state how the emotional distress was caused, or what outrageous conduct caused it. Thus, Ramos' allegations do not give rise to a claim for intentional infliction of emotional distress.

 Ramos also fails to state a claim for negligent infliction of emotional distress because he fails to allege any physical harm suffered as a result of Defendant's conduct. Physical harm is a required element of a claim for negligent infliction of emotional distress in the Virgin Islands. *See Anderson v. Government of Virgin Islands*, 180 F.R.D. 284, 286 (D.Vi. June 11, 1998); RESTATEMENT (SECOND) OF TORTS § 313. Ramos' claims of "mental anguish, humiliation and loss of enjoyment of life" do not suffice.

## VI. Punitive Damages

Chapter 1 of Title 10 of the Virgin Islands Civil Rights Act provides for punitive damages "not to exceed $5,000." 10 V.I.C. § 7(1). Chapter 5 of Title 10 provides that in an action filed by the Commission, "the person aggrieved may recover damages as provided *in this title.*" 10 V.I.C. § 71(b)(2) (emphasis added). These provisions suggest that the availability of punitive damages is intended under the Act, whether the action is brought individually or by the Commission. Accordingly, the Court is disinclined to dismiss Ramos' claim for punitive damages at this time.

## VII. Conclusion

In accordance with the foregoing analysis, the following of Ramos' claims will be dismissed: (1) the portion of Count I alleging violation of 24 V.I.C. § 451 *et seq.;* (2) Count II, alleging intentional infliction of emotional distress; and (3) Count V, alleging negligent infliction of emotional distress.[6] The following claims shall remain: (1) the portion of Count I alleging violation of 10 V.I.C. § 64; and (2) Count VI, alleging entitlement to punitive damages. An appropriate Order is attached.

### ORDER

This matter comes before the Court on the motion of Defendant St. Croix Alumina, L.L.C. to dismiss Plaintiff Miguel Ramos' First Amended Complaint in its entirety. In accordance with the attached Memorandum Opinion, it is hereby

**ORDERED** that Defendant's motion is **GRANTED IN PART** in that

(1) the portion of Count I of Plaintiff's First Amended Complaint alleging violation of 24 V.I.C. § 451 *et seq.* is dismissed;

(2) Count II of Plaintiff's First Amended Complaint alleging intentional infliction of emotional distress is dismissed; and

(3) Count V of Plaintiff's First Amended Complaint alleging negligent infliction of emotional distress is dismissed; and it is further

**ORDERED** that Defendant's motion is **DENIED IN PART** with respect to

(1) the portion of Count I alleging violation of 10 V.I.C. § 64; and

(2) Count VI, alleging entitlement to punitive damages.

6. There is no Count III or Count IV in Ramos' First Amended Complaint.