**JINNAH ALI, Plaintiff**
**v.**
**INTERTEK TESTING SERVICES CALEB BRETT**
**(ITS CALEB BRETT), Defendants**
**ALI v. INTERTEK TESTING SERVICES**
Civil No. 2000/0163

District Court of the Virgin Islands

Division of St. Croix

August 26, 2004

*For Ali, Jinnah, Plaintiff*: RONALD E. RUSSELL, BEVERLY A. EDNEY, MARTIAL WEBSTER, St. Croix, V.I.

*For Intertek Testing Services, Caleb Brett ITS Caleb Brett, Defendants*: BETH MOSS, Bryant, Barnes & Moss, LLP, St. Croix, V.I.

CANNON, *U.S. Magistrate Judge*

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

(August 26, 2004)

THIS MATTER came for consideration upon Plaintiff's Motion For Leave to File Third Amended Complaint. Defendant filed an Opposition, and Plaintiff's time within which to file a reply has expired.

Plaintiff seeks to amend his complaint to add claims for defamation and intentional infliction of emotional distress. Defendant objects to the proposed amendments as prejudicial and futile.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." As the United States Supreme Court has declared:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). Allowing amendments to correct errors in existing pleadings furthers the objectives of the federal rules that cases should be determined on their merits. 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1474 (1990). On the other hand, if an amendment would not survive a motion to dismiss, it is futile and will be denied. *Id.* at § 1487.

Defendant argues that the amendments should not be allowed because they are untimely, prejudicial, and futile.

### Delay

Rule 15 does not establish a time restriction for amending a complaint, and motions to amend have been allowed at different stages of litigation. *Id.* at § 1488. The rationale behind the policy is that "the need to amend may not appear until after discovery has been completed or testimony has been taken at trial." *Id.* While the mere passage of time

by itself may be insufficient to deny a motion to amend, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (citations omitted). Additionally, courts should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted).

The initial complaint in this case was filed on November 2, 2000, containing claims for breach of contract and discrimination in violation of Title VII. Plaintiff filed, apparently without leave of Court and without objection by Defendant, an amended Complaint on January 24, 2001. Then, on March 20, 2002, Plaintiff filed a second amended complaint, again, without leave of Court and without objection by Defendant. A notice of motion for summary judgment was filed by Defendant on May 16, 2003, and the parties' briefs relating to Defendant's Motion For Summary Judgment were filed on September 15, 2003.

As noted hereinabove, although the passage of time, in and of itself, is not enough to defeat a motion to amend, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams*, 739 F.3d at 868 (citations omitted). When determining whether delay is undue, the Court considers the reasons of the movant for not seeking the amendment earlier; and, when determining whether the delay is prejudicial, the Court considers the effects of amendment upon the non-moving party. *Id.*

Moreover, courts have found that the movant's "delay may become undue after a motion for summary judgment is filed where the movant has had previous opportunities to amend a complaint, but chose not to do so." *Fatir v. Dowdy*, 2002 U.S. Dist. LEXIS 16480 (D. Del. Sept. 4, 2002) (citations omitted). *See, e.g., Duffy v. Charles Schwab & Co.*, 2001 U.S. Dist. LEXIS 14070 (D.N.J. Sept 4, 2001) (where the court found that the plaintiffs' litigation tactics of waiting until after the defendant filed its motion for summary judgment, thus placing the defendant in the position of having to amend its motion for summary judgment or file another motion for summary judgment, created

additional motion practice that placed an "undue burden on the Court and ... prejudiced the defendant").

Plaintiff supports his motion by stating that he "has learned through discovery and through seeking employment that defendant [sic] has made derogatory statements about his character ... ." While Plaintiff's delay may be justified, the Court notes that discovery in this matter is virtually completed. Allowing Plaintiff to amend now would force Defendant to engage in further discovery and expend additional resources. In addition, the timing of Plaintiff's motion, filed after Defendant's Motion For Summary Judgment has been fully briefed by the parties, weighs against Plaintiff. As the *Fatir* court stated,

> [M]otions to amend which follow the filing of a motions [sic] for summary judgment are heavily disfavored. In the present case, the timing of the motion to amend in response to the defendant's motion raises an inference that the plaintiff is attempting to bolster his legal position—and therefore avoid summary judgment—by amending the complaint. This is an unacceptable reason to amend.

*Id.* 2001 U.S. Dist. LEXIS 14070, at *8 (citations omitted). Moreover, when a party moves to amend at this stage in the litigation, the courts in this Circuit have imposed stringent standards before granting such motions.

> However, where plaintiff files a motion to amend after defendant has moved for summary judgment the motion to amend will not be granted unless the party seeking amendment can show not only that the proposed amendment has "substantial merit," *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979), but also come forward with "substantial and convincing evidence" supporting the newly asserted claim. *Artam v. International Harvester, Inc.*, 355 F. Supp. 476, 481 (W.D. Pa.1972). *Cf. Glesenkamp v. National Mutual Insurance Co.*, 71 F.R.D. 1, 4 (N.D. Cal. 1974) ("[p]laintiff's understandable desire to avoid the effect of defendant's motion for summary judgment is insufficient reason for infusing life into a case ..."). This more demanding burden, which the party seeking amendment bears at this procedural juncture, evolves from the truism that "prejudice to the non-moving party is the touchstone for denial of the amendment." *Cornell &*

*Co., Inc. v. Occupational Safety and Health Administration*, 573 F.2d 820, 823 (3d Cir. 1978).

*Carey v. Beans*, 500 F. Supp. 580, 582 (E.D. Pa. 1980). *See also Phillips v. Borough of Keyport*, 179 F.R.D. 140, 144-45 (D.N.J. 1998). Nothing in Plaintiff's proposed Third Amended Complaint or in his Memorandum of Law in Support of Motion to Amend Complaint demonstrates the "substantial merit" of his new claims nor do they contain or point to "substantial and convincing evidence" supporting the new claims. Consequently, the Court finds that Plaintiff's proposed amendment to his complaint would unduly burden the Court and prejudice Defendant.

**Futility**

■ It is well established that a motion to amend may be denied where the amendment would be futile. *Foman*, 371 U.S. at 182 (1962). "'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue. Thus a trial court may appropriately deny a motion to amend where the amendment would not withstand a motion to dismiss." *In re Quality Botanical Ingredients, Inc.*, 249 B.R. 619, 629 (Bankr. D.N.J. 2000) (citations omitted).

■■ In this jurisdiction, to state a cause of action for defamation, a plaintiff must show:

a)   a false defamatory statement concerning another;
b)   an unprivileged publication to a third party;
c)   fault amounting at least to negligence on the part of the publisher; and
d)   either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Ross v. Bricker*, 26 V.I. 314, 319, 770 F. Supp. 1038, 1042 (App. 1991) (citing RESTATEMENT (SECOND) OF TORTS § 558 (1977)).

*Manns v. The Leather Shop, Inc.*, 36 V.I. 214, 960 F. Supp. 925, 929 (1997). In the matter at bar, Plaintiff alleges: "The defendants [sic] intentionally and maliciously published false and defamatory statements about the plaintiff, and caused those statements to be published in the work place, plaintiff's subsequent employers and potential employers

which statements placed the plaintiff in a negative light causing him to lose employment and employment potential." Proposed Third Amended Complaint at ¶ 42. Like the allegations in *Manns*, these allegations are "not explicit enough to withstand [a] motion to dismiss." *Manns*, 960 F. Supp. at 929. Plaintiff does not specify when the allegedly defamatory statements were made, by whom, or what they contained. Given the similarity of the facts in this matter to those presented to the court in *Manns*, and the holding of that court, the Court finds that Plaintiff's proposed claim for defamation in the matter at bar would not withstand a motion to dismiss.

The same finding is warranted with respect to Plaintiff's proposed claim for intentional infliction of emotional distress. The majority of jurisdictions have held that "an independent action for intentional infliction of emotional distress does not lie where ... the gravamen of the complaint sounds in defamation." *Barker v. Huang*, 610 A.2d 1341, 1351 (Del. 1992) (citation omitted). Moreover, even if Plaintiff's proposed claim is based upon his termination, the proposed claim still would not withstand a motion to dismiss. As this court has stated, "'It is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.'" *Ramos v. St. Croix Alumina, L.L.C.*, 277 F. Supp. 2d 600, 604 (D.V.I. 2003) (quoting *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988)). Here, as in *Ramos*, Plaintiff fails to allege how his alleged "emotional distress was caused or what outrageous conduct caused it." *Ramos*, 277 F. Supp. 2d at 604. Accordingly, the Court finds that Plaintiff's proposed amendment would be futile.

Based upon the foregoing, it is now hereby ORDERED that Plaintiff's Motion For Leave to File Third Amended Complaint is DENIED.