**BANK OF AMERICA, N.A. and Platinum Indemnity Limited, Plaintiffs–Appellees,**

v.

**DIAMOND STATE INSURANCE COMPANY, Defendant–Appellant.**

**Docket No. 01–9075.**

United States Court of Appeals, Second Circuit.

June 26, 2002.

Thomas J. Hall (James C. La Forge; Donald J. Mros; Ryan N. Sudol, of counsel), Chadbourne & Parke, New York, NY, for Appellant.

Alan J. Martin (Adam K. Hollander; W. Bradley Hunt; Jessica E. Brown, of counsel), Mayer, Brown, Rowe & Maw, Chicago, IL; Joseph De Simone (Catherine J. Hetzig, on the brief), Mayer, Brown, Rowe & Maw, New York, NY, for Appellee.

Present: MINER, CABRANES, and POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Defendant Diamond State Insurance Company timely appeals from a judgment of the District Court entered on September 7, 2001 denying defendant's motion to stay the action and compel arbitration.

Plaintiffs brought suit against defendant for breach of contract and tort claims of negligence and recklessness involving multiple reinsurance contracts that each contain an arbitration clause. In their complaint, plaintiffs allege that defendant failed, in violation of the reinsurance contracts, to indemnify plaintiffs and acted negligently in the appointment and supervision of defendant's alleged agents. Defendant denies that these agents had either actual or apparent authority to bind defendant under the reinsurance contracts, but asserts nonetheless that plaintiffs' claims are arbitrable pursuant to the arbitration clauses in the reinsurance contracts. However, plaintiffs argue that since defendant disputes the existence of the reinsurance contracts, the Court must first determine whether the contracts are valid before their arbitration provisions may be invoked.

The reinsurance contracts at issue each contain a provision calling for dispute resolution by arbitration that states in relevant part,

Any unresolved difference of opinion between the REINSURER and the CEDENT with respect to the interpretation of this POLICY or the performance of the obligations under this POLICY including its formation and validity, whether such dispute arises before or after the termination of this POLICY, shall be submitted to arbitration.

*See, e.g.,* Compl., Ex. A at 6, ¶ Q.

We agree with the District Court substantially for the reasons stated in its September 7, 2001 Memorandum and Order. *See Bank of Am., N.A. v. Diamond State Ins. Co.,* No. 01–0645, 2001 WL 1029410 (Sept. 7, 2001). As the District Court observed, it is well settled that a court cannot compel arbitration until it first resolves "the question of the very existence" of the contract embodying the arbitration clause. *Interocean Shipping Co. v. Nat'l Shipping & Trading Corp.,* 462 F.2d 673, 676 (2d Cir.1972); *see also In re Interbras Cayman Co. v. Orient Victory Shipping Co., S.A.,* 663 F.2d 4, 7 (2d Cir.1981). That is, "[i]f the making of the agreement to arbitrate is placed in issue ... the court must set the issue for trial," *Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.,* 263 F.3d 26, 30 (2d Cir.2001), as the District Court did here, *see Bank of Am.,* 2001 WL 1029410, at *2.

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (internal quotation marks omitted). "[T]he question of arbitrability— whether a[n] ... agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination. Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *Id.* at 649. That is because "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." *Id.* at 648–49. In the instant case, where the reinsurance contracts embodying the arbitration provisions are the sole authority for requiring the parties to submit to arbitration, there is no legal basis for compelling arbitration if, as defendant contends, these contracts do not exist. Likewise, there would be no source of authority empowering the arbitrators to decide this case.

Defendant contends that plaintiffs should not be permitted to oppose arbitration while at the same time prosecuting this lawsuit to enforce the reinsurance contracts which contain the arbitration provision. This position is problematic for several reasons. First, it requires us initially to assume without deciding the central issue in this case: that the reinsurance contracts exist. Second, we do not agree that the arbitration provisions of the reinsurance contracts at issue "clearly and unmistakably provide" that the question of whether the parties agreed to arbitrate is to be decided by an arbitrator. *Id.* at 649. While the arbitration provisions state that issues concerning the "formation and validity" of the contracts "shall be submitted to arbitration," *see, e.g.,* Compl., Ex. A at 6, ¶ Q, it is not clear that this includes the question of the *very existence of the contract.* In other words, this language could simply mean·that, assuming the existence of the contracts, the parties must arbitrate issues of formation and validity that affect enforceability, such as a dispute over fraud in the inducement of a contract. *See, e.g., Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 406, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Third, while

plaintiff Bank of America, N.A. insists that the reinsurance contracts do exist, it also argues that it is merely an assignee of plaintiff Platinum Indemnity Limited's "rights and remedies" but not "obligations" under the policies and that, as such, Bank of America, N.A. did not assume a duty to arbitrate. Appellee's Br. at 9–10. As the District Court understood, this claim need not be addressed until the question of the existence of the reinsurance contracts is settled.

Finally, we hold that sufficient evidence has been produced substantiating an unequivocal denial that the agreement was made and thereby warranting a trial. *See Sphere Drake*, 263 F.3d at 30; *Interocean Shipping*, 462 F.2d at 676; *Almacenes Fernandez, S.A. v. Golodetz*, 148 F.2d 625, 628 (2d Cir.1945). Here, defendant has repeatedly and unambiguously asserted that the reinsurance contracts are void because its agents had no authority to form those contracts. *See* Def.'s Arbitration Demand Letter of 3/16/01 at 1; Def.'s Notice of Mot. to Stay Action and Compel Arbitration at 1; Def.'s Mem. of Law in Supp. of Mot. to Stay Action and Compel Arbitration at 2.

For the reasons set forth above and substantially for the reasons stated in the District Court's September 7, 2001 Memorandum and Order, *see Bank of Am.*, 2001 WL 1029410, the judgment of the District Court is hereby **AFFIRMED.**