|  |  |
|---|---|
| ST. CROIX MARKSMANSHIP ASSOCIATION, INC., <br><br>                **PLAINTIFF,** <br><br> v. <br><br> WESLEY JAMISON, KAREN QUINN, ANDRE MCBEAN, JACK KINCAID, ROBERTO BLEWITT, RICHARD ROEBUCK, TANIA RUEMMELLE, AND CARLOS ALOYO, <br><br>                **DEFENDANTS.** | Civil No. SX-2021-CV-899 <br><br> ACTION FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTIES, TEMPORARY RESTRAINING ORDER, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF <br><br> CITE AS: 2023 VISUPER 13\| |

**Appearances:**
**Atiim Dia Abraham, Esq.**
The Law Office of Atiim Dia Abraham, LLC
St. Thomas, U.S. Virgin Islands
*For Plaintiff*

**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
St. Croix, U.S. Virgin Islands
*For Defendants*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Senior Sitting Judge**

¶ 1     **THIS MATTER** is before the Court for review *sua sponte.*

### BACKGROUND

¶ 2     On December 30, 2021, Plaintiff St. Croix Marksmanship Association, Inc. (hereinafter "Plaintiff") filed a complaint against Defendant Wesley Jamison, Defendant Karen Quinn, Defendant Andre McBean, Defendant Jack Kincaid, Defendant Roberto Blewitt, Defendant

Richard Roebuck, Defendant Tania Ruemmelle, and Defendant Carlos Aloyo (collectively, hereinafter "Defendants").[1]

¶ 3    On February 14, 2022, Defendants filed a motion for referral to mediation. In their motion for referral, Defendants argued that "mediation will assist the parties in resolving this dispute without the cost, time and expense of litigation." (Feb. 14, 2022 Motion for Referral.)

¶ 4    On June 1, 2022, the Court entered an order whereby the Court, inter alia, granted Defendants' motion for referral to mediation, referred this matter to mediation, ordered that "the parties shall comply with the procedures set forth in Rule 90 of the Virgin Islands Rules of Civil Procedure (hereinafter 'Rule 90"), provided that, to the extent that Rule 90 contradicts with [the June 1 2022] Order [the June 1 2022] Order shall control," and that, "within ten (10) days from the date of entry of this Order, the parties shall file a stipulated notice to notify the Court of the agreed upon mediator and the date and place of the first mediation conference [and that] [i]f the parties fail to file the stipulated notice within such ten (10) days, then the Court will appoint the mediator." (June 1, 2022 Order.)

¶ 5    On July 1, 2022, Plaintiff filed a motion to deem Plaintiff's first requests for admissions as established.

---

[1] The complaint alleged the following causes of action: Count I-breach of contract (Defendant Wesley Jamison), Count II-breach of fiduciary duties of trust, care, and loyalty (Defendant Wesley Jamison), Count III- breach of contract (Defendant Carlos Aloyo), Count IV- breach of fiduciary duties of trust, care, and loyalty (Defendant Carlos Aloyo), Count V-breach of contract (Defendant Roberto Blewitt), Count VI-breach of fiduciary duties of trust, care, and loyalty (Defendant Roberto Blewitt), Count VII-breach of contract (Defendant Jack Kincaid), Count VIII- breach of fiduciary duties of trust, care, and loyalty (Defendant Jack Kincaid), and Count IX-breach of contract (Defendant Andre McBean, Defendant Karen Quinn, Defendant Tania Ruemmelle, and Defendant Jack Kincaid). Defendant Richard Roebuck was not named in any of the causes of action. On the same date, December 30, 2021, Plaintiff also filed a motion for temporary restraining order and preliminary injunction. In the December 30, 2021 motion, Plaintiff moved the Court for a temporary restraining order to enjoying Defendants "from functioning as the executive board of the organization until [the Court] schedules a hearing on Plaintiff's application for preliminary injunction." (Dec. 30, 2021 Motion.)

¶6     On July 7, 2022, the Court entered an order whereby the Court, inter alia, referred this matter to Magistrate Judge Yolan C. Brow Ross for civil mediation and denied Plaintiff's July 1, 2022 motion to deem Plaintiff's first requests for admissions as established. In its order, the Court explained:

> The ten-day period has passed and as of the date of this order, the parties have not filed a stipulated notice to notify the Court of the agreed upon mediator. Thus, per the June 1, 2022 order, the Court will appoint the mediator. At this juncture, the Court will order this matter referred to civil mediation before Magistrate Judge Yolan C. Brow Ross and extend the deadlines set forth in the June 1, 2022 order.
>
> ...
>
> ...The June 1, 2022 order specifically ordered that the parties should comply with the procedures set forth in Rule 90. Under Rule 90, "[d]iscovery may continue throughout mediation" and "[s]uch discovery may be delayed or deferred upon agreement of the parties or by order of the court." V.I. R. Civ. P. 90(d)(6). Plaintiff did not indicate in its motion whether the parties agreed to continue or defer discovery during mediation. Thus, at this juncture, the Court will deny without prejudice Plaintiff's July 1, 2022 motion.
>
> (July 7, 2022 Order.)

¶7     On August 9, 2022, Defendants filed a motion to compel discovery responses.

¶8     On August 19, 2022, the Court entered an order whereby the Court denied Defendants' August 9, 2022 motion to compel discovery responses and ordered the parties to file, within fifteen days, "a stipulated notice advising whether the parties agreed to continue discovery throughout mediation or defer discovery until after mediation [and] [i]f the parties cannot agree, or if the parties fail to timely file the stipulated notice, then the Court will enter an order deferring discovery until after mediation." (Aug. 19, 2022 Order.) In its order, the Court explained:

> In this instance, Defendants similarly failed to indicate in their motion whether the parties agreed to continue or defer discovery during mediation. Thus, at this juncture, the Court will deny without prejudice Defendants' August 9, 2022 motion to compel discovery responses. The Court will order the parties to file a stipulated notice advising whether the parties agreed to continue discovery throughout mediation or defer discovery until after mediation. *See* V.I. R. Civ. P. 90(d)(6). If the parties cannot agree, or if the parties fail to timely file the stipulated notice, then the Court will enter an order deferring discovery until after mediation.

(Aug. 19, 2022 Order.)

¶ 9 On September 13, 2022, when the parties failed to file the stipulated notice by the deadline, the Court entered an order whereby the Court ordered that discovery is deferred until after mediation.

¶ 10 On November 15, 2022, Defendants filed a motion for sanctions for failure to provide discovery responses and to mediate.

¶ 11 On December 6, 2022, Defendants filed a motion to amend answer. On December 10, 2022, Plaintiff filed an opposition.

¶ 12 On March 23, 2023, this matter came before the Court for a status conference. At the status conference, the parties advised the Court that mediation has not been completed and that there are two pending motions. In turn, the Court ordered the parties to move on from mediation and to proceed with discovery so the Court can schedule this matter for trial.

## DISCUSSION

### 1. Defendants' November 15, 2022 Motion for Sanctions for Failure to Provide Discovery Responses and to Mediate

¶ 13 In their motion, Defendants moved for the Court to sanction Plaintiff for "failure to provide discovery responses and mediate as ordered." (Motion 1.) Defendants made the following assertions in support of their motion: (i) Plaintiff cancelled the mediation scheduled for June 28, 2022 because "[Anita] Roberts-Felix would not attend." (Id.); (ii) The parties "agreed that in order to be able to successfully mediate the matter, Plaintiff would need to respond to Defendants' written discovery requests." (Id., at 1-2); and (iii) Plaintiff failed to provided dates for the outstanding written discovery responses nor to provide dates for mediation." (Id., at 2.)

¶ 14    Plaintiff did not file an opposition in response.[2]

¶ 15    The Court must note at the outset that Plaintiff failed to even cite the relevant rule upon which they relied on for the motion.[3] *See* V.I. R. CIV.P. 6-1(a)(2) ("All motion must:... state with particularity the grounds for seeking the order, including a concise statement of reasons and citation of authorities;..."). Nevertheless, this is not a fatal error to Defendants' motion. Based upon the substance of Defendant's motion, the Court will construe it as a motion for sanctions pursuant to Rule 37 of the Virgin Islands Rules of Civil Procedure. *See Rodriguez v. Bureau of Corr.*, 70 V.I. 924, 928 n.1, 2019 VI 10 (V.I. 2019) (citing *Joseph v. Bureau of Corrections*, 54 V.I. 644, 648 n.2 (V.I. 2011) ("[T]he substance of a motion, and not its caption, shall determine under which rule the motion is construed."). Motions related to discovery pursuant to Rules 26 through 37 of the Virgin Islands Rules of Civil Procedure are governed by Rules 37 and 37.1 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 37" and "Rule 37.1," respectively). Rule 37 and Rule 37.1 mandates that the moving party submit a certification with its motion certifying that both parties engaged in substantive, good faith negotiations before filing a discovery motion. V.I. R. CIV. P. 37(a) and 37.1(a). *See* V.I. R. CIV. P. 37(a) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court

---

[2] "[A] 'motion is not automatically granted simply because it is unopposed.'" *Ayala v. Lockheed Martin Corp.*, 2017 V.I. LEXIS 39, at *19 (V.I. Super. Ct. Mar. 3, 2017) (quoting *In re Alumina Dust Claims*, 2017 V.I. LEXIS 2, at *26 (V.I. Super. Ct. Jan. 10, 2017). "In other words, even though a motion is unopposed, courts must still determine whether to grant it, especially when the decision is within the court's discretion." *Augustin v. Hess Oil Virgin Islands Corp.*, 67 V.I. 448,501 (V.I. Super. Ct. Aug. 23, 2017). After all, the Court and not the parties has the authority to sanction for discovery violations. *See* V.I. R. CIV. P. 37. As such, the Court will still determine whether to grant Defendants' motion despite the fact that Plaintiff did not file an opposition thereto.

[3] The parties are reminded to comply with the Virgin Islands Rules of Civil Procedure when filing documents with the Court.

action."); V.I. R. CIV. P. 37.1(a) ("Prior to filing any motion relating to discovery pursuant to Rules 26 through 37, other than a motion relating to depositions under Rule 30, counsel for the parties and any self-represented parties shall confer in a good faith effort to eliminate the necessity for the motion – or to eliminate as many of the disputes as possible."). In this instance, Defendants failed to include a certification stating their compliance with the procedural and substantive aspects of the good faith negotiation requirement of Rule 37 and Rule 37-1. Furthermore, as noted above, as the result of the parties' failure to respond to the Court's August 19, 2022 order inquiring whether the parties agreed to continue discovery throughout mediation or defer discovery until after mediation, the Court entered an order deferring discovery until after mediation. (Sept.13, 2022 Order.) Accordingly, the Court will deny Defendants' motion as to sanctions for failure to provide discovery responses. Moreover, given the Court's prior order, Defendants should have known to not wait for discovery to complete mediation. As such, the Court will also deny Defendants' motion as to sanctions for failure to complete mediation.

### 2. Defendants' December 6, 2022 Motion to Amend Answer

¶ 16    In their motion, Defendants moved to amend their answer pursuant to Rule 15 of the Virgin Islands Rules of Civil Procedure "to set out the bases of denials more clearly, and to add affirmative defenses that were not plead by former counsel" and "to file a Third-Party Complaint against the Third-Party Defendants Cuthbert James and Anita Roberts-Felix, who are the holdover President and invalidly appointed Treasurer of the St. Croix Marksmanship Association, Inc." (Motion 1-2.) Defendants made the following assertions in support of their motion: (i) This case is in its infancy with no scheduling order in place to date."[4] (Id., at 3); and (ii) "There is no prejudice to

---

[4] Defendants referenced: V.I. R. CIV. P. 15 (allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires"); *Bruni v. Alger*, 2019 WL 3047276, at *4 (V.I. Super. June 21, 2019), reconsideration denied, 2019 WL 3822308 (V.I. Super. Aug. 9, 2019) (citing V.I. R. CIV. P. 15(a)(2)) (a court should "should freely give leave [to amend a pleading] when justice so requires."); *Toussaint v. Stewart*, 2017 WL


Plaintiff/Third Party Defendants."[5] (Id.) A copy of Defendants' proposed amended answer was attached to the motion.

¶ 17    In its opposition, Plaintiff argued that the Court should deny Defendants' motion because it is "unduly prejudicial" to Plaintiff. (Opp. 1.) Plaintiff made the following assertions in support of its argument: (i) "Defendants' request for leave is prejudicial to the Plaintiff in that it contains, inter alia, a request to amend the Complaint to include as Third-Party Defendants, Plaintiff['s] President Cuthbert James and its Treasurer Anita Roberts individually, for actions taken in their capacities as executive officers of [Plaintiff]."[6] (Id., at 3); (ii) Defendants' proposed third-party complaint against Plaintiff's president and treasurer "contains causes of actions for fraud and misappropriation of funds against the President and Treasurer that are futile in light of this jurisdiction's position regarding the business judgment rule and is supported by the Plaintiff's

---

3769522, at *9 (V.I. Aug. 29, 2017) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)) (The V.I. Supreme Court clarified that, "[i]n keeping with the intent and spirit of the rules []governing pleadings and amendments, decisions on the merits are favored, and dismissal of claims on the basis of such mere technicalities are to be avoided."); *Heyl & Patterson Inter., Inc. v. Gov't of the Virgin Islands*, 663 F.2d 419,426 (3d Cir.1981) ("'[R]igid adherence to formalities and technicalities must give way before the policies underlying Rule 15.'"); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1488 (1990) (Rule 15 does not establish a time restriction for amending an answer, and motions to amend have been allowed at different stages of litigation.); *Ali v. Intertek Testing Services Caleb Brett*, 332 F.Supp.2d 827, 829 (D.V.I. 2004); *Stanley v. St. Croix Basic Servs., Inc.*, 2008 WL 5973489, at *2(D.V.I. Mar. 4, 2008);

[5] Defendants referenced: *Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, 2017 WL 2210642, at *3 ("[P]rejudice to the nonmoving party is the touchstone for denial of [a motion to amend a pleading]."); *Id.* (citations omitted) ("An amendment to a complaint is considered 'prejudicial' if it places an unfair burden on the opposing party."); Cureton, 252 F.3d at 273 (In determining whether an amendment places an unfair burden on the opposing party, Courts consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."); *Stanley*, 2008 WL 5973489, at *3.

[6] Plaintiff referenced: V.I. R. Civ. P. 15; *Basic Services, Inc. v. Gov't of the V.I.*, 71 V.I. 652, 667 (V.I. 2019) (quoting *Reynolds v. Rohn*, 70 V.I. 887, 899-900 (V.I. 2019) ("Appropriate justifications [for deviating from the norm of freely granting leave to amend]include, but are not limited to, 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment[.]"); *Davis v. UHP Projects, Inc.*, 2021 VI 5 (V.I. 2021); *Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, WL 2210642* at 3 ("[Prejudice to the nonmoving party is the touchtone for denial [of a motion to amend a pleading]."); *Id.* ("An amendment to a complaint is considered "prejudicial' if it places an unfair burden on the opposing party."); *Stanley*, WL 5973489 at *3 ("In determining whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories.")

good standing with the Office of the Lieutenant Governor." (Id.); (iii) "Plaintiff... categorically deny these allegations and further, its March 28, 2022, submission of its Certificate of Good Standing with the Office of the Lieutenant Governor causes Defendants' claims to fail on its face." (Id., at 4); (iv) "That the allegations are made at this juncture, i.e., through proposed amendments to their Answer, provides an immediate opportunity on Opposition for the Court to review the evidence before it and issue judgment." (Id.); (v) "The Defendant's lack sufficient evidence to survive summary judgment on their causes of action for fraud and misappropriation of funds against Plaintiff SCMA's President and Treasurer." (Id.); and (vi) "[T]he Defendants seek to prolong this matter by adding an unnecessary party, increasing the costs incurred by Plaintiff... [and] [t]heir inclusion unfairly prejudices the Plaintiff." (Id., at 7.) Plaintiff also discussed the background and procedure posture of this instant lawsuit.

¶ 18    The Court must note at the outset that although the parties treated the filing of the third-party complaint as an amendment of Defendants' answer, third-party practices are governed by Rule 14 of the Virgin Islands Rules of Civil Procedure[7] (hereinafter "Rule 14") while amendment of pleadings is governed by Rule 15 of the Virgin Islands Rules of Civil Procedure[8] (hereinafter "Rule 15"). In fact, the third-party complaint is a pleading in and of itself and must be filed separately and served on the third-party defendants. *See* V.I. R. CIV.P. 7(a) ("Only these pleadings

---

[7] Rule 14 governs third-party practice. A defendant must obtain leave to file a third-party complaint if the third-party complaint is filed more than 14 days after serving its original answer. *See* V.I. R. CIV.P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.").

[8] Rule 15 governs the amendment of pleadings. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." V.I. R. CIV. P. 15(a)(1). Rule 15(a)(2) provides that "[i]In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." V.I. R. CIV. P. 15(a)(2). "[T]he decision to permit an amendment is vested in the sound discretion of the Superior Court." *Powell v. FAM Protective Servs, Inc.*, 72 V.I. 1029, 1039 (VI 2020) (citing *Reynolds v. Rohn*, 70 V.I. 887, 899 (V.I. 2019)).

are allowed: (1) complaint; (2) an answer to a complaint; (3) a counterclaim or crossclaim; (4) an answer to a counterclaim designated as a counterclaim; (5) an answer to a crossclaim; (6) a third-party complaint; (7) an answer to a third-party complaint; (8) if the court orders one, a reply to an answer; (9) a complaint in intervention; and (10) an answer to a complaint in intervention."); *see also,* V.I. R. CIV. P. 4(d) ("Unless the court orders differently, a third-party or fourth-party complaint shall be served in the same manner as a complaint."); V.I. R. CIV. P. 5(a)(1)(C). Thus, Defendants should not have included their third-party complaint as part of their answer.

### A. Amendment of Defendants' Answer

¶ 19    In its opposition Plaintiff did not object to Defendants amending their answer "to set out the bases of denials more clearly, and to add affirmative defenses that were not plead by former counsel." As such, the Court is inclined to grant Defendants' December 6, 2022 motion as to the amendment of their answer. *See* V.I. R. CIV. P. 15(b)(1) (Even as late as trial, "[t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence [relevant to the newly raised issue] would prejudice that party's action or defense on the merits."). However, the Court must point out that Defendants' motion failed to comply with Rule 15-1 of the Virgin Islands Rules of Civil Procedure, which requires that "[a] party moving to amend a pleading shall attach a complete -- and properly signed -- copy of the proposed amended pleading to the motion papers" and "[e]xcept as otherwise ordered by the court, any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended specifically delineating the changes or additions and may not incorporate any prior pleading by reference." V.I. R. CIV. P. 15-1(a). In this instance, Defendants only included a copy of the proposed amended pleading with their motion but failed to include a copy of the proposed amended pleading specifically delineating

the changes or additions. At this juncture, the Court will order Defendants to file separately: (i) a clean copy of a new first amended answer without the third-party complaint; (ii) a supplement to their motion that includes a redline copy of the new first amended answer (without the third-party complaint) reflecting the changes made to the initial answer. Defendants' December 6, 2022 motion as to the amendment of their answer will be granted upon the timely filing of these documents.

### A. Third-Party Complaint

¶ 20    In its opposition, Plaintiff essentially objected to the filing of a third-party complaint against Cuthbert James and Anita Roberts-Felix on the grounds that: (i) it would be futile because of the business judgment rule and because the third-party complaint cannot survive summary judgment and (ii) unduly prejudicial because "[t]he Defendants seek to prolong this matter by adding an unnecessary party, increasing the costs incurred by Plaintiff... [and] [t]heir inclusion unfairly prejudices the Plaintiff." The Court disagrees. First, Plaintiff failed to cite to any supporting authority that, at this stage of the pleading—the filing of a third-party complaint—requires the third-party plaintiff to provide evidence to support its causes of action against the third-party defendant. *See* V.I. R. Civ. P. 11(b)(5) ("By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it -- an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:...(5) that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party."); *see also, In re Catalyst Litig.*, 67 V.I. 16, n. 12 (V.I. Super. Ct. 2015) ("The Supreme Court of the Virgin Islands has established that in order for a motion to be properly before the court, parties must support their arguments by citing the proper legal authority, statute or rule.").

Second, Plaintiff's arguments as to the business judgment rule and summary judgment are premature at this juncture. If, after the third-party complaint is filed and served, the third-party defendants wish to raise these arguments, they may file the appropriate motion in response to the third-party complaint. Finally, as to Plaintiff's argument that Defendants are prolonging this matter, the Court must remind Plaintiff that Plaintiff admitted at the March 23, 2023 status conference that the unavailability of one of its officers repeatedly delayed mediation and ultimately, mediation was never completed by the parties.

¶ 21    In this instance, the Court does not find Defendants' motion to file a third-party complaint dilatory—to wit, the parties are still at the initial stage of litigation awaiting the discovery process since discovery was deferred until after mediation. As such, the Court will grant Defendants' December 6, 2022 motion as to filing a third-party complaint against Cuthbert James and Anita Roberts-Felix. However, the Court will order Defendants to file their third-party complaint in a separate filing and that the third-party complaint should set forth counts in separate numbered paragraphs with separate designation of the specific names of each count in compliance with Rule 8 of the Virgin Islands Rules of Civil Procedure. The third-party complaint should clarify whether the third-party defendants are sued in their official capacity as officers of Plaintiff.

### 3.  March 23, 2023 Status Conference

¶ 22    As noted above, the Court ordered the parties to proceed with discovery so the Court can schedule this matter for trial. Accordingly, the Court will order the parties to jointly complete the standard-form scheduling order attached to this Memorandum Opinion and Order as Exhibit A—

titled "[PROPOSED] JOINT DISCOVERY AND SCHEDULING PLAN"—and jointly file the proposed scheduling order.[9]

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that Defendants' November 15, 2022 motion for sanctions is **DENIED** in the **ENTIRETY**. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Order,** Defendants shall file: (i) **a clean copy of a new first amended answer without the third-party complaint;** and (ii) **a supplement to their December 6, 2022 motion that includes a redline copy of the new first amended answer (without the third-party complaint)** reflecting the changes made to the initial answer. Defendants' December 6, 2022 motion as to amendment of pleading is **GRANTED UPON THE TIMELY FILING OF THESE DOCUMENTS.** It is further:

**ORDERED** that Defendants' December 6, 2022 motion is **GRANTED** as to filing a third-party complaint against Cuthbert James and Anita Roberts-Felix. It is further:

**ORDERED** that, **within thirty (30) days from the date of entry of this Order,** Defendants shall file Defendants' third-party complaint in a separate filing. The third-party complaint **SHALL** set forth counts in separate numbered paragraphs with separate designation of the specific names of each count in compliance with Rule 8 of the Virgin Islands Rules of Civil Procedure. The third-party complaint **SHALL** clarify whether the third-party defendants are sued in their official capacity as officers of Plaintiff. It is further:

---

[9] It has recently come to the Court's attention that the proposed scheduling orders filed before this Court often fails to include certain entries and deadlines, whether inadvertently or intentionally. Thus, a standard-form scheduling order (see Exhibit A), which is based off Form 16-A of the Virgin Islands Rules of Civil Procedure, is provided here for the parties to use.

**ORDERED** that Defendants shall **COMPLETE** service of the third-party complaint and summons and **FILE PROOF OF SERVICE** for the third-party defendants **within one-hundred and twenty days (120) from the date of filing of the third-party complaint.** If a third-party defendant is not served **within one-hundred and twenty days (120) from the date of filing of the third-party complaint**, the Court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time; provide that, if Defendants show good cause for the failure, the Court must extend the time for service for an appropriate period. **And** it is further:

**ORDERED** that, **within fifteen (15) days from the date of entry of this Order**, the parties shall **JOINTLY COMPLETE** the standard-form scheduling order attached to this Memorandum Opinion and Order as Exhibit A—titled "**[PROPOSED] JOINT DISCOVERY AND SCHEDULING PLAN**"—and **JOINTLY FILE** the proposed scheduling order. The parties shall **FILL-IN** each blank space with a **DEADLINE** or indicate that it is not applicable; any indication that a deadline is to be determined later is **NOT ACCEPTABLE** and a date will be entered by the Court.

**DONE and so ORDERED this** 5th **da y of** April **,2023.**

ATTEST:
Tamara Charles
Clerk of the Court

By: *Sharisse A. Bascombe*
Court Clerk Supervisor
Dated: April 5, 2023

HAROLD W.L. WILLOCKS
**Senior Sitting Judge of the Superior Court**

# EXHIBIT A

[PROPOSED] JOINT DISCOVERY AND SCHEDULING PLAN

# SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

_____

_____,

                          **PLAINTIFF(S),**

        **V.**

_____

_____,

                          **DEFENDANT(S).**

Civil No. SX-_____-CV-_____

## [PROPOSED] JOINT DISCOVERY AND SCHEDULING PLAN

**THE PARTIES** to the above-captioned civil action, in accordance with Virgin Islands Rules of Civil Procedure 16 and 26, agree and stipulate to the following discovery and scheduling plan:

1. All initial disclosures pursuant to V.I. R. CIV. P. 26(a) shall be served on all parties not later than _____.

2. All written interrogatories, requests for production of documents, and requests for admissions shall be propounded not later than, and all responses thereto, including objections, shall be served not later than _____.

3. No party shall propound more than 25 interrogatories, 25 requests for production of documents, and 25 requests for admissions, including all discrete subparts thereof, unless otherwise stipulated by the parties or ordered by the court.

4. All motions to amend the pleadings to add claims, defenses, and/or parties shall be filed and served not later than _____. All fact witness depositions, including depositions of non-parties, taken for purposes of discovery and/or to preserve testimony for trial, shall be completed by _____.

5. No party shall take more ten (10) fact and expert witness depositions, no single deposition shall exceed more than seven (7) hours in durations, and any single deposition shall be completed on the same day on which it is commenced, unless otherwise stipulated by the parties or ordered by the court.

6. All motions to compel, for discovery, sanctions, or for protective orders with respect to all initial disclosures and fact discovery, shall be filed and served not later than **WITHIN 90 DAYS FROM THE DATE THE DISCOVERY WAS PROPOUNDED.**

7. The parties' first mediation session shall be commenced and completed not later than _____. Rule 90 of the Virgin Islands Rules of Civil Procedure shall govern all mediation sessions conducted in this civil action.

8.  All Plaintiffs shall serve notices identifying all of their expert witnesses, and said expert witnesses' curriculum vitae and written reports, not later than _____.

9.  All Defendants, Third Party Plaintiffs, and Intervenors shall serve notices identifying all of their expert witnesses, and said expert witnesses' curriculum vitae and written reports, not later than _____.

10. All Third Party Defendants shall serve notices identifying all of their expert witnesses, and said expert witnesses' curriculum vitae, not later than _____.

11. All expert witness depositions, for purposes of discovery and to preserve testimony for trial, shall be completed not later than _____.

12. All motions to compel, for sanctions, or for protective orders with respect to expert discovery, shall be filed and served not later than **WITHIN 90 DAYS FROM THE DATE THE DISCOVERY WAS PROPOUNDED.**

13. All dispositive motions, except for motions challenging subject matter jurisdiction which may be filed at any time, and *Daubert/Kuhmo* motions shall be filed and served not later than _____.

14. All motions in limine and V.I. Rule of Evidence 104 motions shall be filed and served not later than **WITHIN 60 DAYS FROM THE DATE JURY SELECTION/TRIAL IS SCHEDULED TO COMMENCE.**

15. A status conference is scheduled for _____.
    **[PLEASE LEAVE BLANK. COURT USE ONLY.]**

16. This Joint Discovery and Scheduling Plan may not be amended, except as ordered by the court for good cause shown.

DATED: _____, 20____

Respectfully submitted,

| Attorney Name: _____ | Attorney Name: _____ |
|---|---|
| *Attorney for* _____ | *Attorney for* _____ |
| Office Name: _____ | Office Name: _____ |
| Firm Address: _____ | Firm Address: _____ |
| Telephone No.: _____ | Telephone No.: _____ |
| E-mail address: _____ | E-mail address: _____ |
| V.I. Bar No.: _____ | V.I. Bar No.: _____ |

The foregoing Proposed Joint Discovery and Scheduling Plan is **APPROVED**.

**DONE and so ORDERED this _____ day of April, 2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

_____
HAROLD W.L. WILLOCKS
**Senior Sitting Judge of the Superior Court**

By: _____
        Court Clerk Supervisor
Dated: _____